## FRANCOIS LACROIX *v.* F. W. COELER.

When a case has been tried by a Jury, a verdict rendered, and judgment given according to that verdict, and the case is not properly a jury case, both the verdict of the jury and the judgment will be set aside, and this Court give a decree according to the facts on record.

APPEAL from the Third District Court of New Orleans, *Fellowes*, J. *L. Lombard* and *H. Train*, for plaintiff and appellant. *C. Roselius* and *M. M. Reynolds*, for defendant.

LABAUVE, J. The plaintiff claims of the defendant $5,200, for eight months of house and store rent, at the rate of $650 per month, due on the 30th November, 1862; and he also prays for a judgment for a further sum of $14,950, for the balance of the term of said lease, being twenty-three months' rent, at $650, and to be paid at the beginning of each and every month, from the 1st December, 1862, to the 31st October, 1864. On filing the suit the plaintiff obtained a verdict of provisional seizure.

The defendant answered by a general denial; and that he had been a tenant of plaintiff, occupying the premises leased, for over fourteen years, paying his rent punctually; and that, owing to the war, the blockade, the embarrassed state of affairs, the suspension of business, and the arrears of·his sub-tenants, who owe him $2,570, which they are unable to pay, he, respondent, finds himself unable to pay the rent according to lease, as the premises are of little or no value, and have so been since the commencement of the existing war; that a portion of the premises is unoccupied, and that the consideration for said lease has failed.

He prays that plaintiff's demand be rejected, the lease cancelled, and the rent claimed reduced to a reasonable amount, and that the case` be tried by jury.

The jury found a verdict in favor of plaintiff for $2,600, and in favor of defendant, cancelling the lease. The Court having refused a new trial, the plaintiff appealed.

The act of lease, adduced in evidence, shows that the premises, consisting in a building and appurtenances thereof, situated in New Orleans, were leased to the defendant for five years, commencing on the 1st November, 1859, at the rate of $650 per month, payable monthly, the 1st of each and every month in advance.

The testimony shows that business had very much diminished, and rent had come down considerably; but nothing shows, in our opinion, that the case comes within the provisions of Articles 2667, 2669 Civil Code. We have not been referred to any authority to support the verdict of the jury and the judgment of the Court upon it. This was not a jury case, and we will give a judgment as should have been rendered below. The verdict of the jury was rendered on the 13th January, 1863, and the judgment of the Court on the same day. There were, then, ten months' rent due, from the 1st day of April, 1862, to the 31st of January, 1863, inclusive, at the rate of $650 per month, payable in advance.

It is therefore ordered, adjudged and decreed, that the verdict of the jury and the judgment of the District Court upon it, be set aside and annulled. It is further adjudged and decreed, that the defendant, F. W. Coeler, pay to the plaintiff, François Lacroix, Agent, the sum of six thousand five hundred dollars, for ten month's rent, ending on the 31st of January, 1863, with legal interest on each months' rent, say $650, from the 1st day of each month, respectively, commencing on the 1st day of April, 1862, to the 1st day of January, 1863, inclusive, until paid, and that the plaintiff have a privilege on the property provisionally seized, and that defendant pay costs in both Courts. The right of plaintiff to rent, not comprised in this decree, is reserved.